UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GENE RACKLEY, § § *Plaintiff*, § § v. § § JPMORGAN CHASE BANK, NATIONAL § ASSOCIATION, SUCCESSOR BY § MERGER TO CHASE HOME FINANCE § LLC, § § *Defendants*. | Civil Action No. SA-11-CV-387-XR |

**ORDER**

On this date, the Court considered the status of the above-captioned case. On July 21, 2011, this Court considered Defendant's Motion to Dismiss for Failure to State a Claim or Alternatively, Motion for a More Definite Statement (Docket No. 4). On that date, the Court issued a written order granting in part the Defendant's motion to dismiss the breach of contract claim and granting in part the Defendant's motion for a more definite statement to clarify Plaintiff's misrepresentation claim. (Docket No. 11). The Court directed the Plaintiff to file an amended complaint by August 3, 2011 containing sufficient factual allegations with regard to the misrepresentation claim to satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b).

Subsequent to this Court's order, Plaintiff's counsel withdrew as counsel of record for the Plaintiff, and Plaintiff was ordered to advise the Court if and when he retains new counsel. Plaintiff failed to file an amended complaint as ordered by this Court on July 21, 2011 or otherwise advise the Court as to the status of the case. Accordingly, the Court ordered Plaintiff to file an amended

complaint by October 2, 2011 and warned Plaintiff that failure to file an amended complaint by that date may result in dismissal of the case. (Docket No. 13). The clerk's office mailed a copy of the September 2, 2011 order, along with a copy of the Court's July 21, 2011 order, to Plaintiff's last known address. The Plaintiff did not respond to the order. Accordingly, on October 13, 2011, the Court issued a second order directing the Plaintiff to file an amended complaint by November 3, 2011 or advise the Court as to the status of the case. The Court again warned that if Plaintiff failed to file an amended complaint by that date, the Court might dismiss the case. The clerk mailed a copy of the order to Plaintiff's last known address. (Docket No. 14). To this date, Plaintiff has not filed an amended complaint and has not apprised the Court of the status of the case.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court's authority to dismiss a case for failure to prosecute is based on the Court's inherent authority to manage and administer its own affairs to ensure the orderly and expeditious disposition of cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

When a dismissal precludes further litigation of the case due to the expiration of the statute of limitations, the dismissal operates as a dismissal with prejudice. *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 554 (5th Cir. 1981). A dismissal with prejudice is an extreme sanction that deprives the litigant of an opportunity to litigate his claim. *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985). Consequently, when limitations bars or arguably bars refiling, dismissal is appropriate only when (1) there is a clear record of delay or contumacious

conduct by the plaintiff and (2) the court determines that lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed but proved to be futile. *Id.* 1519-21. Contumacious conduct is a "stubborn resistance to authority." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988).

A clear record of delay is found when there have been significant periods of total inactivity. *Berry v. Cigna/RSI Cigna*, 975 F.2d 1188, 1191 n.5 (5th Cir. 1992); *see also Bullard v. Burlington N. & Santa Fe. Ry. Co.*, 368 Fed. App'x 574, *7 (5th Cir. 2010) ("We have "recognized that 'delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity.'"). Contumacious conduct is a "stubborn resistance to authority." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988).

Additionally, in most cases, at least one of three aggravating factors must be present. Those factors are: (1) delay caused by the plaintiff personally; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Id.* at 1190. The presence of one aggravating factor, along with a record of delay or contumacious conduct and consideration of lesser sanctions, will support a dismissal with prejudice. *Price v. McGlathery*, 792 F.2d 472 (5th Cir. 1985).

The Court has issued a total of three warnings that this case may be dismissed if Plaintiff fails to file an amended complaint or otherwise advise the Court of the status. The Court further warned Plaintiff in its October 13, 2011 order that failure to comply would be considered contumacious conduct justifying dismissal for failure to prosecute under FED. R. CIV. P. 41. Thus, this Court concludes that Plaintiff's refusal to respond to its prior orders constitutes contumacious conduct. Additionally, Plaintiff's repeated refusal to respond to these orders demonstrates that lesser sanctions would be futile. Finally, an aggravating factor is present because the delay appears intentional and

conduct by the plaintiff and (2) the court determines that lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed but proved to be futile. *Id.* 1519-21. Contumacious conduct is a "stubborn resistance to authority." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988).

A clear record of delay is found when there have been significant periods of total inactivity. *Berry v. Cigna/RSI Cigna*, 975 F.2d 1188, 1191 n.5 (5th Cir. 1992); *see also Bullard v. Burlington N. & Santa Fe. Ry. Co.*, 368 Fed. App'x 574, *7 (5th Cir. 2010) ("We have "recognized that 'delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity.'"). Contumacious conduct is a "stubborn resistance to authority." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988).

Additionally, in most cases, at least one of three aggravating factors must be present. Those factors are: (1) delay caused by the plaintiff personally; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Id.* at 1190. The presence of one aggravating factor, along with a record of delay or contumacious conduct and consideration of lesser sanctions, will support a dismissal with prejudice. *Price v. McGlathery*, 792 F.2d 472 (5th Cir. 1985).

The Court has issued a total of three warnings that this case may be dismissed if Plaintiff fails to file an amended complaint or otherwise advise the Court of the status. The Court further warned Plaintiff in its October 13, 2011 order that failure to comply would be considered contumacious conduct justifying dismissal for failure to prosecute under FED. R. CIV. P. 41. Thus, this Court concludes that Plaintiff's refusal to respond to its prior orders constitutes contumacious conduct. Additionally, Plaintiff's repeated refusal to respond to these orders demonstrates that lesser sanctions would be futile. Finally, an aggravating factor is present because the delay appears intentional and

Defendant is prejudiced by being unable to move forward with the litigation. The Court therefore deems this case appropriate for dismissal under FED. R. CIV. P. 41. It is ORDERED that Plaintiff's complaint be DISMISSED for failure to prosecute under FED. R. CIV. P. 41.

The clerk's office is DIRECTED to mail a copy of this order to the Plaintiff Gene Rackley's last known address at 240 Leather Leaf, Boerne, TX 78006.

It is so ORDERED.

SIGNED this 17th day of November, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE